IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS R. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 96-187-CFC |
| ) | |
| DANA METZGER, Warden ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM**

### I. INTRODUCTION

In 1994, a Delaware Superior Court jury convicted Petitioner Thomas R. Miller ("Petitioner") of unlawful first degree sexual intercourse and second degree burglary. *See Miller v. Snyder*, 2001 WL 173796, at *2 (D. Del. Feb. 14, 2001). He was sentenced to life imprisonment plus eight additional years. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Miller v. State*, 3 A.3d 1098 (Table), 2009 WL 418238, at *1 (Del. Feb. 18, 2009).

Thereafter, Petitioner filed numerous unsuccessful postconviction motions and petitions in the Delaware state courts. *See Miller v. State*, 189 A.3d 185 (Table), 2018 WL 3006123, at *1 (Del. June 14, 2018). Petitioner also filed several unsuccessful federal habeas challenges. For instance, in 2001, the Honorable Gregory M. Sleet denied Petitioner's first habeas petition after concluding that six of the claims were procedurally barred and three claims were meritless. *See Miller*, 2001 WL 173796, at

*2-*11. In 2008, Petitioner filed another habeas petition challenging the same 1994 conviction, which Judge Sleet denied for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. See Miller v. State, C.A. No. 08-137-GMS, Order (D. Del. Sept. 25, 2008). Finally, Petitioner filed three applications in the Third Circuit requesting permission to file second or successive habeas petitions, which the Third Circuit denied for failing to satisfy the requirements of 28 U.S.C. § 2244(b)(2). See In Re: Miller, C.A. 03-2195, Order (3rd Cir. June 10, 2003); In re. Thomas R. Miller, C.A. 09-1791, Order (3rd Cir. June 12, 2009); In re: Thomas Miller, C.A. 10-3790, Order (3rd Cir. Nov. 23, 2010).

Presently pending before the Court is Petitioner's "Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) [and ...] Request [for] Permission From Court of Appeals to File." (D.I. 42)

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue

2

issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The Court perceives three possible ways to construe Petitioner's instant filing: (1) it is a request for the Court to issue certificate of appealability with respect to the habeas Petition denied in 2001; (2) it is a request for the Court to reconsider the denial of the certificate of appealability in 2001; or (3) it is a request for the Court to reconsider the 2001 denial of Petitioner's first habeas petition. To the extent Petitioner is asking the Court to issue a certificate of appealability with respect to the habeas Petition denied by Judge Sleet on February 14, 2001, (D.I. 42 at 1-2, 10), or asking the Court to reconsider that denial, the Court will deny the requests. A certificate of appealability may be issued only when a [Petitioner] makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate of appealability or revisit the earlier denial of a certificate of appealability because Petitioner's instant arguments, including his unsupported assertion of actual innocence (D.I. 42 at 10), fail to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

To the extent the instant Motion should be construed as a request for the Court to reconsider the 2001 denial of Petitioner's habeas Petition pursuant to Rule 60(b)(2), (3) and (6), (D.I. 42 at 3), the Motion is similarly unavailing. The instant Motion is Petitioner's fifth habeas challenge to his 1994 conviction for unlawful first degree sexual

intercourse and second degree burglary,[1] and it constitutes a second or successive habeas petition rather than a "true" Rule 60(b) motion because it does not attack the manner in which his original habeas Petition was decided and it asserts claims that could have been raised in the original Petition.[2]

The record reveals that Petitioner did not obtain authorization from the Third Circuit Court of Appeals to file the instant successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Consequently, the Court lacks jurisdiction to consider Petitioner's unauthorized second or successive habeas request. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). Additionally, since nothing in the Motion comes close to satisfying the substantive

---

[1] The Court views Petitioner's three unsuccessful applications seeking the Third Circuit's permission to file a second or successive habeas petition as independent habeas challenges.

[2] The Memorandum Opinion and Order denying Petitioner's first Petition in 2001 denied some claims as meritless and some as procedurally barred. In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004) (in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").

requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2), the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

## IV. CONCLUSION

For the reasons set forth above, whether construed as a request for a certificate of appealability, a request to reconsider the 2001 denial of a certificate of appealability, or a request reconsider the 2001 denial of the habeas Petition itself, the Court concludes that the Motion must be denied. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: January 17, 2020

_____
UNITED STATES DISTRICT JUDGE